UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PAUL VOLLMER and
MARILYN VOLLMER, on behalf of
themselves and all others similarly situated,

       Plaintiffs,      DECISION AND ORDER

vs.                 20-CV-6979 (CJS)

XEROX CORPORATION, PLAN
ADMINISTRATOR COMMITTEE, XEROX
MEDICAL CARE PLAN FOR RETIRED
EMPLOYEES, XEROX DENTAL CARE
PLAN, and XEROX CORPORATION 1986
ENHANCED EARLY RETIREMENT
PROGRAM,[1]

       Defendants.

_____

INTRODUCTION

This matter is before the Court on Plaintiffs' motion for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Not. of Mot., Apr. 8, 2022, ECF No. 57. For the reasons stated below, Plaintiffs' application is granted.

BACKGROUND

In October 1986, Xerox Senior Vice President D.M. Reid sent a letter offering an Enhanced Early Retirement Program (ERP) to eligible Xerox employees. In 1987, Plaintiff Paul Vollmer accepted Xerox's offer to participate in the ERP. Accordingly, at age 50 Vollmer retired from employment with Xerox and along with his wife, Plaintiff Marilyn Vollmer, was awarded lifetime medical coverage under the Xerox Medical Care Plan for

---

[1] For the purposes of this motion, Defendants Xerox Corporation, Plan Administrator Committee, Xerox Medical Care Plan for Retired Employees, Xerox Dental Care Plan, and Xerox Corporation 1986 Enhanced Early Retirement Program will be referred to collectively as "Xerox."

Retired Employees (the "Old Plan"). Until 2019, Xerox paid the full cost of the Old Plan premiums for the Vollmers and all other participants in the ERP. In 2019, however, Xerox began requiring the Vollmers and all other Old Plan participants to pay 50% of their monthly medical and dental insurance premiums if they wanted continued coverage under the Old Plan.

The Vollmers filed this putative class action in 2020 on behalf of themselves and all former Xerox employees who retired under the ERP, alleging that Xerox's requirement that ERP participants contribute to Old Plan premium payments constituted a breach of its fiduciary duties under the Employee Retirement Income Security Act of 1974 (ERISA), and improperly denied vested plan benefits to ERP participants. In January 2020, the Court denied the Vollmers' motion for a preliminary injunction. In February 2022, the Court awarded summary judgment to Xerox on the Vollmers' breach of fiduciary duty claim, but denied summary judgment to either party on the denial of benefits claim. Two months later, the Vollmers filed the instant motion for class certification.

## LEGAL STANDARD

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700–701 (1979). To fall within the "class action" exception, a party must demonstrate by a preponderance of the evidence that each of the requirements of Rule 23 of the Federal Rules of Civil Procedure has been satisfied. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2009).

Under Rule 23(a), the party seeking certification must demonstrate each of the following:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

These prerequisites for class certification are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013).

Additionally, the proposed class must meet at least one of the three conditions listed in Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). Rule 23(b) provides that a class action may be maintained if all the requirements of Rule 23(a) are satisfied, and:

> 1. prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
>
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; [or]

2. the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

3. the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Because of the conclusiveness of a class judgment, the district "court must carefully examine the class on whose behalf plaintiff sues, to decide if it is a true class and if the plaintiff is the proper representative." *Green v. Wolf Corp.*, 406 F.2d 291, 298 (2d Cir. 1968). Nevertheless, trial courts are given substantial discretion in determining whether to grant class certification. *Shabazz v. Morgan Funding Corp.*, 269 F.R.D. 245, 249 (S.D.N.Y. 2010). Indeed, the Second Circuit has held a "longstanding view that the district court is often in the best position to assess the propriety of the class and has the ability, pursuant to Rule [23(c)], to alter or modify the class, create subclasses, and decertify the class whenever warranted." *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001).

DISCUSSION

The Vollmers propose a class of:

> All former Xerox employees who elected to retire pursuant to an Enhanced Early Retirement Program ("ERP"), set forth in a letter and attachments dated October 17, 1986, from D.M. Reid, Senior Vice President, Personnel and Senior Staff Officer of Xerox, and their spouses, who were receiving or eligible to receive retiree health benefits from Xerox as of December 31, 2018.

Notice of Mot. at ¶ (a). In addition, the Vollmers seek certification as representatives of the class, and ask that their present counsel be appointed as class counsel. Notice of

Mot. at ¶¶ (b)–(c). Xerox opposes the motion, arguing that the Vollmers fail to satisfy the commonality and typicality requirements under Rule 23(a). Mem. in Opp., May 23, 2022, ECF No. 58.

Class Certification

The Vollmers maintain that they have satisfied all of the requirements for class certification under Rule 23. First, the Vollmers provide evidence[2] that supports their estimate that the proposed class consists of approximately 900 members, which would satisfy the numerosity requirement. Mem. in Supp., 10–11, Apr. 8, 2022, ECF No. 57-1; Hurt Decl. (Ex. B "Class List"), Apr. 8, 2022, ECF No. 57-4. Second and third, they argue that they satisfy the commonality and typicality requirement because the question at the core of the case – whether Xerox's contribution requirement violates the terms of the Old Plan for ERP participants – is common to all proposed class members, and was directed at and affects both the Vollmers and the rest of the class. Mem. in Supp. at 12. Fourth, the Vollmers state that they satisfy the adequacy of representation requirement because they "have precisely the same interest in enforcing their right to lifetime, non-contributory coverage under the Old Plan as the members of the class," and their attorneys are "qualified, experienced and able to conduct the litigation." Mem. in Supp. at 12–13.

In addition, the Vollmers argue that they satisfy the requirements of Rule 23(b)(1). A court may certify a class under Rule 23(b)(1)(A) if "prosecuting separate actions by or against individual class members would create a risk of . . . (A) inconsistent or varying adjudications . . . that would establish incompatible standards of conduct for [defendants]

---

[2] The Vollmers note that the list of class members they have submitted was first produced by Defendants in discovery. Mem. in Supp. at 4 n. 6.

5

. . . ." The Vollmers state that Rule 23(b)(1)(A) is satisfied in this case because "[i]f two courts came to different conclusions as to whether the terms of the [Old] Plan permit . . . contribution requirements, [Xerox] would" be saddled with two incompatible standards of conduct. Mem. in Supp. at 14.

*Xerox's Opposition*

Xerox does not challenge the Vollmers' satisfaction of the numerosity or adequacy of representation requirements under Rule 23(a). Neither does it challenge the Vollmers' satisfaction of the requirements of Rule 23(b)(1)(A).[3] Xerox does, however, argue that the Court should deny the Vollmers' motion, and limit the class on the grounds that they "cannot satisfy the commonality and typicality requirements for the entire class they seek to represent if their claim is based on the ERP communications." Xerox Mem. in Opp., 7, May 23, 2022, ECF No. 58. This challenge is based on two premises.

First, Xerox characterizes this Court's decision on the summary judgment motions as holding that several communications between Xerox and employees eligible for participation in the ERP – including a letter from then-benefits manager Evan Dean, and materials from ERP informational workshops – "do not comprise, and are not a component of, the governing Old Plan Document, making them irrelevant." Mem. in Opp. at 7. With respect to this premise, the Court agrees with the Vollmers that Xerox has misconstrued its earlier holding. In denying summary judgment to either party on the

---

[3] The Vollmers argue in the alternative that they also satisfy the requirements of Rule 23(b)(2) and (3). But because Xerox does not challenge the Vollmers' primary argument, and because the Vollmers have shown by a preponderance of the evidence that they do satisfy Rule 23(b)(1)(A), the Court need not consider the alternatives. *See Robertson v. Nat'l Basketball Ass'n*, 556 F.2d 682, 685 (2d Cir. 1977) ("when a class action may be certified under either (b)(1) or (b)(3), the former should be chosen when to do so will avoid the inconsistent adjudication or compromise of class interests that might otherwise occur.")

denial of benefits claim, this Court did not make a finding respecting the ERP documents' relevance. Rather, as the Vollmers more accurately stated, the Court simply found that "the workbook and handouts put together by APEX, and distributed before or during the ERP question-and-answer sessions, were not sufficiently 'formal' to be considered as part of the contractual agreement between Xerox and Old Plan participants and beneficiaries regarding the terms of the Old Plan." *Vollmer v. Xerox Corp.*, No. 20-CV-6979 (CJS), 2022 WL 446628, at *11 (W.D.N.Y. Feb. 14, 2022).

Second, Xerox states that there are two groups of Old Plan participants relative to the ERP: those who were 52 or younger when the ERP was offered, and those who were 53 or older. Xerox argues that the Vollmers cannot satisfy the commonality and typicality elements of Rule 23(a), because the 52 or younger group raises different legal issues than the 53 and older group. Mem. in Opp. at 8. In support of this argument, Xerox points to the materials sent with the 1986 letter from D.M. Reid to explain the ERP:

> If you elect by December 19, 1986, to retire by January 31, 1987, you will be covered by the [Old Plan]. You will be covered by these plans regardless of your age as of your retirement date.
>
> If you do not elect retirement by December 19, 1986, coverage will be provided by either the [Old Plan] or the new plans announced earlier this year, depending on your age. If you will be at least 55 years old on December 31, 1988, you will be covered by the [Old Plan]; otherwise, you will be covered by the plans described in the *You and Xerox: 1986 booklet, New Health Care Plan for Retirees*.

Mem. in Opp. at 3; *see also* Hurt Decl. (Ex. D), 43, Nov. 24, 2020, ECF No. 5-3. According to Xerox's interpretation, this excerpt indicates that the group of participants that was 53 or older at the time the ERP was offered had already vested in the Old Plan independent of the ERP. Mem. in Opp., 11, May 23, 2022, ECF No. 58. The members who were not

7

yet 55 years old on December 31, 1988 (the 52 or younger group), on the other hand, were only vested if they accepted the ERP benefits.

Xerox therefore argues that the class should be narrowed to only the group of ERP participants who were 52 years old and younger, and vested in the Old Plan only by virtue of their acceptance of the ERP.

*Legal Principles*

The analysis of the commonality and typicality requirements of Rule 23 are animated by similar considerations. *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997). In particular, the crux of the analysis is to determine "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Dukes*, 564 U.S. at 350 (quoting Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U.L.Rev. 97, 131–132 (2009)). To establish commonality under Rule 23(a)(2), plaintiffs must demonstrate "that the class members 'have suffered the same injury' . . . ." *Dukes*, 564 U.S. at 349–50. Similarly, to establish typicality under Rule 23(a)(3), the party seeking certification must show that "each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir.1993)).

Because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action," the Supreme Court has explained that the class-certification analysis must be "rigorous," and may "entail some overlap with the merits of the plaintiff's underlying claim." *Dukes*, 564 U.S. at 351 (internal citation omitted). However, Rule 23 does not allow courts to engage in "free-ranging merits inquiries" at the certification stage. *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013) (internal citation omitted). Rather, "[m]erits questions may be considered to the extent – but only to the extent – that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Id.* The Second Circuit has further cautioned that "if there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require.'" *Green*, 406 F.2d at 298 (quoting *Esplin v. Hirshi*, 402 F.2d 94 (10th Cir., Sept. 30, 1968)).

*Application*

In reply to Xerox's opposition papers, the Vollmers maintain that because they "bring the same contractual vesting claim on behalf of *all* proposed Class members – based on the same documents and the same conduct by [Xerox] – the commonality and typicality requirements are easily satisfied . . . ." Reply, 1–2, June 7, 2022, ECF No. 59. The Vollmers further maintain that Xerox's argument that there are two classes of retirees is "specious for at least two reasons." Reply at 7.

9

One of the reasons the Vollmers cite is that "[retiree] health care benefits vest at the point of retirement." Reply at 7 (citing *Curtis v. Alcoa, Inc.*, 525 Fed. App'x 371, 375 (6th Cir. 2013)). That statement, however, is not necessarily true. Under Second Circuit precedent, a benefit becomes vested "if the employer has promised not to amend or terminate it, and the employee has accepted this offer by beginning or continuing" to perform his or her end of the bargain. *Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202, 1211 (2d Cir. 2002) (discussing *Devlin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 82–84 (2d Cir. 2001)). Nevertheless, it is most certainly true that if an employer does promise a vested benefit, and that promise has been accepted, "that promise is enforced." *Am. Fed'n of Grain Millers v. Int'l Multifoods Corp.*, 116 F.3d 976, 980 (2d Cir. 1997).

The Vollmers also argue that Xerox has not actually treated the 53 and older group differently than the 52 and younger group in the administration of the Old Plan. Reply at 7. As evidence, the Vollmers point to the company's denial of a claim from former employee Virgil Butler under the Old Plan. Reply at 7–8; *see also* Hurt Decl. (Ex. E), June 7, 2022, ECF No. 59-3. Butler, like the Vollmers, submitted a claim to the Plan Administrator Committee (PAC) of the Old Plan to challenge the imposition of the requirement that plan participants make premium contributions. As the Vollmers point out, Xerox's letter denying Butler's claim is almost identical to Xerox's letter denying the Vollmers' claim, despite Butler being 53 years old when he was offered the ERP. Reply at 8.

The Court agrees with the Vollmers that Xerox's challenge to commonality and typicality must fail. The "gravamen" of the Vollmers' complaint "is that the imposition of a

monthly premium to continue participation in the Old Plan is a violation of the terms of the governing plan documents for" ERP participants. Mem. in Supp. at 1. The significance of the ERP in this respect is that the retirement of each ERP participant indicated performance of his or her end of the bargain to ensure – among other things – that he or she vested in coverage under the Old Plan. As the parties have both noted, the letter from D.M. Reid announcing the ERP promised participation in the Old Plan in exchange for retirement by January 31, 1987. *See e.g.,* VOLLMER_0001999, ECF No. 44-21. The Second Circuit has stated in the context of the vesting of welfare benefits under ERISA, that "[w]here the offeror did not explicitly reserve the power to revoke, such an offer cannot be revoked once the offeree has begun to perform." *Devlin*, 274 F.3d at 84 (citing Restatement (Second) of Contracts § 45(1) and cmt. d (1981)). Each ERP participant, regardless of age, was promised participation in the Old Plan based on their retirement, and therefore vested in that promise the moment he or she elected retirement. Whether or not the ERP participants *could have* vested in some other way is irrelevant; under Second Circuit law they *did* vest when they elected retirement under the ERP.

The question at hand is not how old the ERP participants were when they vested, but rather whether the Old Plan in which they vested promised non-contributory coverage. The answer to that question is common to all members of the Vollmers' proposed class. Moreover, because the Vollmers have demonstrated that Mr. Vollmer elected to retire under the ERP, and at that point vested (along with his wife) in the promise of coverage under the Old Plan, the Vollmers satisfy the commonality requirement. In addition, because each class member's claim arises from Xerox's imposition of a contribution

requirement in 2019 and must prove Xerox's liability by demonstrating that the Old Plan promised non-contributory coverage, the Vollmers also satisfy the typicality requirement.

In sum, the Court finds that the Vollmers have demonstrated by a preponderance of the evidence that they have satisfied the prerequisites of class certification under Rule 23(a): numerosity, commonality, typicality, and adequacy. They have also demonstrated by a preponderance of the evidence that they satisfy Rule 23(b)(1)(A) because they have shown that the prosecution of separate actions by other class members would create a risk of inconsistent adjudications that could establish incompatible standards of conduct for Xerox.

<u>Class Representation</u>

The Vollmers request to be named as representatives of the class. Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "For named class representatives to be "adequate" under Rule 23, [t]wo factors generally inform [the inquiry]: (1) absence of conflict and (2) assurance of vigorous prosecution." *Irvin v. Harris*, 944 F.3d 63, 71 (2d Cir. 2019) (internal quotation marks and citation omitted). Here, the Vollmers interests coincide with the other members of the class in that all members seek to enforce Xerox's purported promise under the Old Plan to provide non-contributory lifetime coverage. Moreover, for reasons discussed below, the Vollmers have demonstrated vigorous prosecution of the class' claims by retaining their proposed class counsel and pursuing the present litigation relentlessly.

Class Counsel

The Vollmers put forward Rupp, Baase, Pfalzgraf, Cunningham & Coppola LLC and Feinstein Doyle Payne & Kravec, LLC as proposed class counsel. Under Rule 23(g), a court's appointment of lead class counsel must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class . . . ." Fed. R. Civ. P. 23(g)(1)(A). Additionally, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . ." Fed. R. Civ. P. 23(g)(1)(B).

To date, these two firms have vigorously pursued the Vollmers' claims, and have submitted evidence of extensive experience in class action litigation. Counsel have demonstrated knowledge of the applicable law, diligence in the pursuit of the Vollmers' claims, and have committed significant resources to the representation of their clients. Accordingly, the Court finds that counsel has the ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(B).

CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that the Vollmer's motion to certify class [ECF No. 57] is granted with respect to the class defined as "All former Xerox employees who elected to retire pursuant to an Enhanced Early Retirement Program ('ERP'), set forth in a letter and attachments dated October 17, 1986, from D.M. Reid, Senior Vice President, Personnel and Senior

Staff Officer of Xerox, and their spouses, who were receiving or eligible to receive retiree health benefits from Xerox as of December 31, 2018"; and it is further

ORDERED that Paul and Marilyn Vollmer are certified as representatives of the foregoing class; and it is further

ORDERED that Tybe A. Brett and Joel R. Hurt of Feinstein Doyle Payne & Kravec, LLC, and David R. Pfalzgraf and Matthew D. Miller of Rupp Baase Pfalzgraf Cunningham LLC are appointed as class counsel; and it is further

ORDERED that the parties shall contact the Court within five days of the date of this order to schedule a status conference.

SO ORDERED.

Dated: July 26, 2022
Rochester, New York

ENTER:

CHARLES J. SIRAGUSA
United States District Judge