UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL VOLLMER and MARILYN VOLLMER, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>XEROX CORPORATION; PLAN ADMINISTRATOR COMMITTEE; XEROX MEDICAL CARE PLAN FOR RETIRED EMPLOYEES; XEROX DENTAL CARE PLAN; and XEROX CORPORATION 1986 ENHANCED EARLY RETIREMENT PROGRAM,<br><br>Defendants. | Case No. 6:20-cv-6979-CJS-MWP<br><br>**FINAL APPROVAL ORDER, JUDGMENT, AND PERMANENT INJUNCTION** |

The Court, having received and considered the Motion for a Final Approval Order of Plaintiffs Paul Vollmer and Marilyn Vollmer (collectively, "Named Plaintiffs"), dated October 4, 2023 (the "Motion"), the papers filed in support of the Motion, and the declarations of counsel; having further considered the arguments of counsel and the pleadings and record in this case; and finding good cause for granting the Motion,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS**:

1. **Jurisdiction:**  The Court has subject-matter jurisdiction over the Action, and all matters relating to the Settlement under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1), as well as personal jurisdiction over all of the Settling Parties and each of the Class members.

2. **Incorporation of Settlement Documents:**  This Final Approval Order, Judgment, and Permanent Injunction incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on June 15, 2023, including the exhibits submitted therewith; and (b) the Class Notice approved by the Court on June 28, 2023.  Capitalized terms not defined in

this Final Approval Order, Judgment, and Permanent Injunction shall have the meaning ascribed to them in the Settlement Agreement (Dkt. 070-2).

3. **Notice:** The Court finds that the dissemination of the Class Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class members of (i) the pendency of the Action, (ii) the effect of the Settlement Agreement (including the benefits of the Settlement and the release of the Defendant Releasees by Plaintiffs (on behalf of themselves and Plaintiff Releasors), as well as the Permanent Injunction), (iii) the right of Class members to object to the Settlement and appear at the Fairness Hearing, and (iv) Class Counsel's application for Settlement Administration Expenses, Attorneys' Fees, Costs and Expenses, and Case Contribution Award(s); (d) constituted due, adequate, reasonable, and sufficient notice to all Class members; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.

4. **Objections:** The Court finds that the only objection to the settlement was from Class Member Sherrill T. Alley and his wife, Sondra. (Dkt. 73). For the reasons set forth in the Motion for Final Approval, these objections are overruled.

5. **Final Settlement Approval:** Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby approves the Settlement and the terms thereof as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action. The Court finds that the Settlement is fair, reasonable, and adequate to Class members based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

(a)     The Settlement resulted from arm's-length negotiations by experienced and competent counsel, including through an in-person settlement conference before the Magistrate;

(b)     The Settlement was negotiated after: (a) Class Counsel had conducted an extensive investigation into the facts, circumstances and legal issues associated with the allegations made in the Action, which investigation included, among other things, engaging in and completing fact discovery and full litigation; (b) the Parties filed cross-motions for summary judgment, and the Court denied Named Plaintiffs' cross-motion and granted in part and denied in part Defendants' cross-motion; and (c) Named Plaintiffs filed a motion for class certification, which the Court granted on July 26, 2022;

(c)     Class Counsel and Named Plaintiffs were well-positioned to evaluate the value of the Action;

(d)     If the Settlement had not been achieved, Defendants would be unwilling to enter into the Settlement, and Named Plaintiffs and the Class members faced significant expense, risk, and uncertainty in connection with the litigation, which likely would have been prolonged;

(e)     Permitting further litigation arising out of or relating to the Released Claims, the Settlement, or this Action could work to the detriment of all Persons interested in the Action, including because such litigation is likely to be complex and to require significant expenditure of time and financial resources, and because such litigation may affect other interested Persons or Class members;

(f)     The terms of the Settlement are fair, reasonable, and adequate in light of the claims that were asserted and the risks of litigation, and the Plan of Allocation also is fair, reasonable, and appropriate;

  (g) Class Counsel and Named Plaintiffs support the Settlement, and have concluded that the Settlement Agreement is fair, reasonable, and adequate;

  (h) Class members had the opportunity to be heard on all issues relating to the Settlement, including the Permanent Injunction, Attorneys' Fees, Costs and Expenses, and Case Contribution Award(s), by submitting objections to the Court.  There were no meritorious objections to the Settlement.

  6. The Motion for Final Approval of Class Action Settlement is hereby GRANTED, the settlement of the Action is APPROVED as fair, reasonable, and adequate to the Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

  7. Class Counsel's Motion for Attorneys' Fees, Costs and Expenses is hereby GRANTED.  Class Counsel shall receive reimbursement of Attorneys' Fees, Costs and Expenses in the amount of eighteen percent of the Qualified Settlement Fund.

  8. Named Plaintiffs shall be awarded Case Contribution Awards of $25,000 to each Named Plaintiff, to be paid from the Qualified Settlement Fund.

  9. Settlement Administration Expenses shall be paid from the Qualified Settlement Fund.

  10. The Plan of Allocation has been approved.

  11. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Fund to be allocated to each Class member under the Plan of Allocation, and the Settlement Administrator shall distribute the Net Settlement Fund in accordance with the Plan of Allocation.

12. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court fully and finally approves the Settlement set forth in the Settlement Agreement in all respects including, without limitation, the terms of the Settlement; the releases and discharges provided for therein; the dismissal with prejudice of the claims asserted in the Action; and the Permanent Injunction. The Court finds that the Settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of Named Plaintiffs and the Class. The Settling Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

13. **Permanent Injunction:** The Court hereby permanently bars, enjoins, and restrains Plaintiff Releasors, and any Person purporting to act on their behalf or in concert with them, or asserting a Claim under or through them, from commencing, prosecuting or asserting, or continuing to prosecute or assert, other than in a timely and proper appeal from an order in this Action to the United States Court of Appeals for the Second Circuit, any Claims in any forum against any Person or entity (including Plaintiff Releasors), where the Claim is included in, relates to or arises out of the Released Claims. All such Claims shall be deemed to be extinguished, discharged, satisfied and unenforceable.

14. The Court finds that entry of the Permanent Injunction, in exchange for Defendants' agreement to the terms of the Settlement Agreement, is fair and reasonable based on the considerations set forth in Paragraph 5, among others.

15. This Final Approval Order, Judgment, and Permanent Injunction shall be served by Class Counsel, via email, first class mail, or international delivery service, on any Person or entity that filed an objection to approval of the Settlement or this Final Approval Order, Judgment, and Permanent Injunction, or on their counsel.

16. **Dismissal of Claims:** This Action is dismissed with prejudice. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided herein or in the Settlement Agreement.

17. **Binding Effect:** The terms of the Settlement Agreement and of this Final Approval Order, Judgment, and Permanent Injunction shall be forever binding on the Settling Parties, as well as their respective current and former beneficiaries, heirs, descendants, dependents, marital communities, administrators, executors, representatives, predecessors, successors, assigns, and any Person purporting to act on their behalf.

18. **CAFA:** Pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, et seq. ("CAFA"), a separate notice of the Settlement ("CAFA Notice") was provided to the Attorneys General for each of the states in which a Class member resides and the Attorney General of the United States. All requirements of CAFA have been met, and Defendants have fulfilled their obligations under CAFA.

19. **Releases:** The release and covenant not to sue given by the Plaintiffs in Sections 3.6 and 3.7 of the Settlement Agreement are expressly incorporated herein in all respects. The aforementioned release and covenant are effective as of the date of the entry of this Final Approval Order, Judgment, and Permanent Injunction.

20. **Retention of Jurisdiction:** Without affecting the finality of this Final Approval Order, Judgment, and Permanent Injunction in any way, this Court retains continuing and exclusive jurisdiction over the Action, the Settling Parties, and the Class, to resolve any dispute or issue of enforcement relating to the Settlement Agreement, including but not limited to the Permanent Injunction and issues regarding validity, performance, interpretation, administration, enforcement, enforceability or termination of the Settlement Agreement.

21. **Entry of Final Judgment:** There is no just reason to delay entry of this Final Approval Order, Judgment, and Permanent Injunction as a final judgment in this Action. Accordingly, the Clerk of the Court is respectfully directed to enter this Final Approval Order, Judgment, and Permanent Injunction, and to close this case.

**SO ORDERED** this 19th day of October, 2023.

*/s/ Charles J. Siragusa*
The Honorable Charles J. Siragusa
United States District Judge